IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-02212-BNB

TAMARA RANNEVA,

    Plaintiff,

v.

SOCIAL SECURITY ADMINISTRATION (SSA),
DENVER DEPARTMENT OF HUMAN SERVICES (DDHS), and
JEWISH FAMILY SERVICES OF COLORADO (JFS),

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

OCT - 4 2010

GREGORY C. LANGHAM
CLERK

---

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

Plaintiff, Tamara Ranneva, initiated this action by filing a *pro se* Complaint and Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 on August 31, 2010. On September 9, 2010, Magistrate Judge Boyd N. Boland ordered the Clerk of the Court to commence a civil action, and ordered Ms. Ranneva to cure certain deficiencies. Specifically, he ordered Ms. Ranneva to file a properly notarized Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915, which she filed on September 22, 2010. Ms. Ranneva was granted leave to proceed pursuant to 28 U.S.C. § 1915 by order dated September 23, 2010.

The Court must construe the complaint liberally because Ms. Ranneva is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be

an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Ms. Ranneva will be directed to file an amended complaint.

The Court has reviewed Ms. Ranneva's complaint and finds that it does not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the Court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate Rule 8.

Ms. Ranneva fails to set forth a short and plain statement of the Court's jurisdiction and of her claims showing that he is entitled to relief. The Complaint consists of 123 pages and contains numerous pages of unexplained exhibits interspersed with hand-written pages that are generally unintelligible. Ms. Ranneva's claims are verbose and confusing. For instance, as background for her case, she

states:

> The state Colorado have organized criminality who bring damage to victims and to Federal and state Colorado. This mafia sell immigration numbers and immigration status of the Jewish immigrants to persons who pay more: narcobarons [sic] or terrorists. Mafia steal very much money by documents of victims and Medicaid from federal budget.

Complaint at 2.

Due to the vague and confusing nature of the Complaint, the Court is unable to determine the nature of this case. Further, in the Complaint Ms. Ranneva sets forth an extended and unnecessary discussion of often insignificant details and legal argument in support of her claims rather than providing "a generalized statement of the facts from which the defendant may form a responsive pleading." *New Home Appliance Ctr., Inc., v. Thompson*, 250 F.2d 881, 883 (10th Cir. 1957). As a result, the Court finds that the Complaint is unnecessarily long. For the purposes of Rule 8(a), "[i]t is sufficient, and indeed all that is permissible, if the complaint concisely states facts upon which relief can be granted upon any legally sustainable basis." *Id.*

It is Ms. Ranneva's responsibility to present her claims in a manageable format that allows the Court and the Defendants know what claims are being asserted and to be able to respond to those claims. Ms. Ranneva must allege, simply and concisely, her specific claims for relief, including the specific rights that allegedly have been violated and the specific acts of each defendant that allegedly violated her rights.

Further, in order to state a claim in federal court, Ms. Ranneva "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163

(10th Cir. 2007). The general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

A decision to dismiss a complaint pursuant to Rule 8 is within the trial court's sound discretion. *See Atkins v. Northwest Airlines, Inc.*, 967 F.2d 1197, 1203 (8th Cir. 1992); *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969). The Court finds that the complaint does not meet the requirements of Fed. R. Civ. P. 8. Ms. Ranneva will be given an opportunity to cure the deficiencies in her complaint by submitting an amended complaint that complies with Fed. R. Civ. P. 8. She will be directed to do so below. Accordingly, it is

ORDERED that Plaintiff, Tamara Ranneva, **within thirty (30) days from the date of this order**, file an amended complaint that complies with this order and with the pleading requirements of Fed. R. Civ. P. 8(a) as discussed in this order. It is

FURTHER ORDERED that the amended complaint shall be titled "Amended Complaint," and shall be filed with the Clerk of the Court, United States District Court for the District of Colorado, Alfred A. Arraj United States Courthouse, 901 Nineteenth Street, A105, Denver, Colorado 80294. It is

FURTHER ORDERED that the clerk of the Court mail to Ms. Ranneva, together with a copy of this order, two copies of the following form to be used in submitting the amended complaint: Complaint. It is

FURTHER ORDERED that, if Ms. Ranneva fails to file an amended complaint

4

that complies with this order within the time allowed, the complaint and the action will be dismissed without further notice.

DATED October 4, 2010, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-02212-BNB

Tamara Ranneva
1302 S. Parker Rd. #219
Denver, CO 80231

I hereby certify that I have mailed a copy of the **ORDER and two copies of the Complaint** to the above-named individuals on 10/4/10

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk